UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE JOHN JAKUBOWSKI,

Plaintiff,

v.

DONALD HAIDERER, D.O.,

Defendant.
_____________________________/

Civil Action No.: 18-11323
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 25]**

## I. Recommendation for Sua Sponte Dismissal

Plaintiff Lawrence John Jakubowski, proceeding pro se, sued Donald Haiderer, D.O., the inhouse Doctor of Optometry at the Gus Harrison Correctional Facility, for alleged inadequate treatment of his cataracts during his incarceration.[1] [ECF No. 1]. As relief, Jakubowski asked the

[1] Jakubowski also named as defendants the Michigan Department of Corrections and an unknown party, but the claims against them were dismissed. [ECF No. 2]. The Honorable Laurie J. Michelson later referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 21].

Court only for this injunctive relief: to order Dr. Haiderer to obtain records from his optical surgeon, to acknowledge that he has cataract disease, and to send him to a qualified ophthalmologist. [*Id*. at PageID.10].

In May 2020, Jakubowski filed a notice of change of address stating that he had moved to Operation Get Down, Inc., in Detroit, Michigan. [ECF No. 27]. Operation Get Down provides short-term housing for returning citizens, among other services.[2] In September 2020, the Court's mailing to Jakubowski at the Operation Get Down address was returned as undeliverable; it appears that his stay there ended. [ECF No. 37].

And Jakubowski reported in an August 2020 declaration that an optometrist at a Macomb facility of the Michigan Department of Corrections told him that untreated high blood pressure caused the damage in his eyes. [ECF No. 36, PageID.224]. He said that the optometrist gave him a prescription and sent him for testing. [*Id*.]. Jakubowski's declaration says nothing directly about his claim against Dr. Haiderer. [*Id*.]. It seems that he received the medical attention he requested in his complaint.

---

[2] *See* http://www.operationgetdown.org/; http://www.mhweb.org/wayne/getdown.html (last visited on February 22, 2021)

For these reasons, Jakubowski's requests for relief are moot, and the Court lacks subject matter jurisdiction. "Questions of jurisdiction are fundamental matters" that a court should "review sua sponte." *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). And when the requests for relief in an action become moot, the Court loses subject matter jurisdiction. *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

Now that Jakubowski is not incarcerated at the Gus Harrison Correctional Facility, his requests to have Dr. Haiderer better treat his cataract disease are moot. *See Creager v. Duchak*, No. 1:17-CV-350, 2018 WL 2111208, at *2 (S.D. Ohio May 8, 2018), *adopted*, 2018 WL 2725432 (S.D. Ohio June 6, 2018) ("Because Plaintiff is no longer incarcerated in either the Butler County Jail or the Miami County Jail, and none of the Defendants are associated with the prison at which he presently resides, his claims for injunctive relief are moot and this Court no longer has subject matter jurisdiction over his claims."). Thus, Jakubowski's complaint should be dismissed for lack of subject matter jurisdiction.

If Jakubowski's complaint is not dismissed for lack of subject matter jurisdiction, Dr. Haiderer's motion for summary judgment should be granted.

## II. Dr. Haiderer's Motion for Summary Judgment

### A.

In his complaint, Jakubowski said that he had started having a series of eyes surgeries for cataracts, but this treatment was interrupted when he went to prison. [ECF No. 1, PageID.4-5]. He alleged that he suffered "great pain," had headaches, and saw hazy shadows. [*Id*. at PageID.5-6]. Jakubowski complained that Dr. Haiderer falsely told him that he was cured and needed only prescription glasses and eyedrops. [*Id*.].

Dr. Haiderer argued in his motion for summary judgment that Jakubowski failed to exhaust his administrative remedies and cannot show that Dr. Haiderer was deliberately indifferent under the Eighth Amendment. [ECF No. 25]. As noted, Jakubowski's responsive declaration said nothing about his claims against Dr. Haiderer. [ECF No. 36].

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the Court

of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 88-90, 93 (2006). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006). And when a defendant has moved for summary judgment, a court should ordinarily address the exhaustion issues before assessing the merits of a claim. *Taylor v. Corizon Med. Corp.,* No. 17-CV-

12271, 2018 WL 5118592, at *5 (E.D. Mich. Aug. 8, 2018), *adopted*, 2018 WL 4292398 (E.D. Mich. Sept. 10, 2018).

But a court may grant summary judgment of a meritless constitutional claim without deciding the exhaustion issues. *Bowen v. Cady*, No. 09-10414, 2010 WL 148843, at *3 n.2 (E.D. Mich. Jan. 13, 2010) (citing 42 U.S.C. § 1997e(c)(2)). Requiring exhaustion of fruitless constitutional claims fails to promote the PLRA goals of "administrative and judicial efficiency, and to show respect for the states by allowing" them to "correct constitutional errors." *Id.*; *see also Taylor*, 2018 WL 5118592 at *5. Here, the Court finds that Jakubowski's deliberate indifference claim is meritless and that summary judgment of that claim should be granted.

**B.**

To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must "prove that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). The plaintiff must present enough verifying medical evidence "for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment." *Id.* The plaintiff's "desire for additional or different

treatment does not by itself suffice to support [his] Eighth Amendment claim." *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

In response to Dr. Haiderer's motion for summary judgment, Jakubowski provided no verifying medical evidence to show that he received constitutionally inadequate treatment. [ECF No. 36]. His responsive declaration did not even mention Dr. Haiderer. [*Id*.]. Because Jakubowski's presented no evidence to counter Dr. Haiderer's motion for summary judgment, the motion should be granted. *Everson,* 556 F.3d at 496.

## III. Conclusion

Jakubowski's complaint should be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**. If it is not dismissed on that ground, Dr. Haiderer's motion for summary judgment **[ECF No. 25]** should be **GRANTED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 24, 2021

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager